## Case No. 10,282.

### In re NOBLE.

[3 Ben. 332; [1] 3 N. B. R. 96 (Quarto, 25).]

District Court, S. D. New York. June 13, 1869.

FIRST MEETING OF CREDITORS—CONTESTED VOTES —POWER OF REGISTER.

Where, at the first meeting of the creditors of a bankrupt, one creditor objected to the reception of the votes of other creditors, offering to prove that their votes had been influenced by the bankrupt, and were collusive and fraudulent, *held*, that the register had no power, without the special order of the court, to inquire into the right of creditors to vote, save for the purpose of postponing the proof of claims until an assignee should be chosen.

[Cited in Re Herrman, Case No. 6,426; Re Bininger, Id. 1,421; Re Hunt, Id. 6,884.]

At the first meeting of creditors in these proceedings, while the vote for the election of an assignee was proceeding, the counsel for a portion of the creditors objected to the receiving of the votes of several of the creditors, offering to prove that their votes had been influenced and procured by the bankrupt [George W. Noble], acting in his own interest, and that such votes were, therefore, collusive and fraudulent. The register declined to hear such proof, holding that he had no power, without the special order of the court, to inquire into the right of creditors to vote, save for the purpose of postponing the proof of claims until an assignee should be chosen pursuant to the provisions of the twenty-third section of the act [of 1867 (14 Stat. 528)]. The register certified the question to the court, with his opinion, as follows: "Pursuant to the 19th rule of this court, I beg to submit, that the act does not expressly require the register to take such proceeding. As a matter of practice, it would involve the parties, in some cases, in very great labor, and put them to much expense, in taking testimony of the character here offered. Besides, it would often greatly postpone the choice of an assignee, and that perhaps to the detriment of the assets of the bankrupt. Unless in case of strong probability, made out and sustained by affidavits, it would seem that such labor and expense ought not to be imposed. Such a charge is easily made, and is with difficulty rebutted. It is already a standing rule, that, in case the register shall be satisfied that any reason

exists why an assignee, elected or appointed, should not be approved by the judge, he shall state such reason fully, in submitting the question for approval. I think this a sufficient safeguard against evils of this character."

BLATCHFORD, District Judge. The decision of the register was correct, and his views, above expressed, are approved.

[The clerk will certify this decision to the register, Isaiah T. Williams, Esq.

[Where there are doubts as to the validity of debts, or the right of the party offering to prove them, then the register may postpone the proof of such debts until after the election of an assignee. In re Stevens [Case No. 13,391]; In re Jaycox [Id. 7,240]; In re Lake Superior Ship C., R. & I. Co. [Id. 7,997]. When a new election will be ordered. Haas [Id. 5,884]; In re John & Martin Pfromm [Id. 11,061].[2]

NOBLE (PETTILON v.). See Case No. 11,044.

NOBLE (STRONG v.). See Case No. 13,543.

NOBLE (UNITED STATES v.). See Case No. 15,895.

NOBLE (WARFORD v.). See Case No. 17,175.

NOBLE, The ROBERT. See Case No. 11,894.